**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| Chambers of<br>**Jessica S. Allen**<br>United States Magistrate Judge | Martin Luther King, Jr. Federal Bldg.<br>& U.S. Courthouse<br>50 Walnut Street<br>Newark, New Jersey 07102<br>(973) 645-2580 |

February 10, 2026

## <u>LETTER ORDER</u>

**TO:**   *Pro Se Plaintiff and Counsel of Record via ECF*

**Re:**   **Kapellan v. Jersey City Medical Center, Inc., et al.**
      **Civil Action No. 23-597 (MEF) (JSA)**

Dear Ms. Kapellan and Counsel:

Before the Court is Plaintiff's motion for the entry of default judgment against Defendant Joseph N. Mazur, RN ("Mazur"), pursuant to Federal Rule of Civil Procedure 55(b)(2). (*See* ECF Nos. 258, 280). Mazur and his co-Defendants (sometimes, collectively, "Defendants") oppose Plaintiff's motion and cross-move to vacate entry of default, pursuant to Federal Rule of Civil Procedure 55(c), and for leave to allow Mazur to file an answer. (ECF No. 277).[1] No oral argument was heard. *See* Fed. R. Civ. P. 78. For the reasons set forth below, and for good cause shown, Defendants' cross-motion to vacate default and file an answer is **GRANTED**, and Plaintiff's motion for the entry of default judgment is **DISMISSED AS MOOT**.[2]

## I.   <u>RELEVANT FACTUAL AND PROCEDURAL BACKGROUND[3]</u>

On February 2, 2023, Plaintiff commenced this action against Defendants Jersey City Medical Center, Inc. ("JCMC") and RWJ Barnabas Health, Inc. ("RWJBH"), arising out emergency room care she received at JCMC on two occasions in February 2021. (ECF No. 1). On April 18, 2023, Plaintiff filed, as of right, an amended complaint. (ECF No. 3). On December 1, 2023, Plaintiff filed a second amended complaint on consent, adding, among other things, several

---

[1] The parties submitted several additional letters and filings after the briefing on Plaintiff's motion and Defendants' cross-motion was complete, none of which were authorized by the Court. (*See* ECF Nos. 285, 286, 287). In response, on September 17, 2025, the Undersigned entered an Order advising the parties that the Court would consider only the following filings in connection with these motions: ECF Nos. 258, 277, and 280. (*See* ECF No. 289).

[2] On January 26, 2026, Plaintiff filed a motion "to expedite adjudication of her motion (ECF No. 258) for Default Judgment Against Defendant Mazur." (ECF No. 332, "Plaintiff's motion to expedite"). This motion is likewise **DENIED AS MOOT**.

[3] The facts and extensive procedural history of this action are well known to the parties and set forth in prior orders. (*See, e.g.*, ECF Nos. 71, 86, & 228). As such, the Court recites only the facts and background relevant to determine the instant motions.

individual defendants, including Mazur, a nurse who allegedly treated Plaintiff at JCMC in February 2021.  (*See* ECF No. 23-2, ¶¶ 4E, 33-75, "SAC").  The SAC alleges medical malpractice and violations of the Emergency Medical Treatment & Labor Act ("EMTALA"), 42 U.S.C. § 1395dd, *et seq*., based on the medical care she received and the procedures of JCMC and RWJBH.[4]

On December 12, 2023, a summons was issued for Mazur.  (*See* ECF No. 29).  However, Mazur's employment with JCMC ended in May 2021.  (*See* Declaration of Jason M. Altschul, Esq., ¶ 6 ("Altschul Decl."), ECF No. 277-4).  And, at the time the SAC was filed and the summons issued, Plaintiff suspected that Mazur was residing in Colorado.  (*See* SAC, ¶ 4(E)(iv)).  Thereafter, Defendants' counsel provided Plaintiff with Mazur's last known address, which was in Jersey City, New Jersey, but advised that they could not accept service on Mazur's behalf.  (*See* ECF Nos. 39 & 47 at 11).

From December 2023 through February 2024, Plaintiff undertook efforts to locate and serve Mazur but was unsuccessful.  (*See* ECF No. 258-3 at 1-2).  On March 13, 2024, Plaintiff filed a motion for an extension of time to serve Mazur and to compel expedited limited discovery.  (ECF No. 47 at 29-30).

On May 7, 2024, this Court entered a Letter Order granting Plaintiff a sixty (60) day extension of time to serve Mazur with the SAC and directing Defendants JCMC and RWJBH to produce to Plaintiff, to the extent not already done, Mazur's last known phone number and email address.  (*See* ECF No. 71).

On or about June 26, 2024, a process server hired by Plaintiff delivered a copy of the summons and SAC to Defendant Mazur's mother, Donna Mazur, who is the owner and resident of a home located at 21 Westmoreland Avenue, Montvale, New Jersey 07645 (the "Montvale home").  There is no dispute that Mazur was not personally served with SAC.  Following Plaintiff's service at the Montvale home, no one entered an appearance or filed an answer on Mazur's behalf.

On July 21, 2024, Plaintiff requested an entry of default against Mazur, which the Clerk granted the next day.  (*See* ECF No. 117).  On August 3, 2025, Plaintiff filed her motion for default judgment, contending that Mazur was served and had failed to timely answer or otherwise move.  (ECF No. 258).  On September 2, 2025, Defendants filed opposition to Plaintiff's motion and a cross-motion to vacate default, including supplying a proposed answer to the SAC.  (*See* ECF Nos. 277 & 277-7).  Mazur claims that attempted service on his mother at the Montvale home was ineffective, as he did not reside there and had not for years, and that he did not learn of the SAC until after Plaintiff's motion for a default judgment was filed.  (*See* Altschul Decl., ¶¶ 16, 18-21).

## II.    LEGAL STANDARD

The entry of default is a prerequisite to the entry of default judgment.  *See Husain v. Casino Control Com'n*, 265 Fed. Appx. 130, 133 (3d Cir. 2008).  Thus, where, like here, a plaintiff seeks

---

[4] On January 22, 2026, the Undersigned entered a Letter Order that granted in part and denied in part a motion filed by Plaintiff wherein the Court specifically granted Plaintiff's request for leave to amend and directed Plaintiff to file a Third Amended Complaint by January 30, 2026.  (*See* ECF No. 327).  To date, Plaintiff has not filed the amended pleading.

the entry of default judgment and the party in default files a cross-motion to vacate default, courts generally resolve the cross-motion to vacate first. *See, e.g.*, *Mawalla v. Lakewood Bd. of Ed.*, 2025 WL 1260900, at *1 (D.N.J. Apr. 30, 2025); *Schenck-Faison v. City of Newark, et al.*, 2024 WL 4729178, at *1, 4 (D.N.J. Nov. 8, 2024); *Landron v. Pina*, 2024 WL 1585119, at *3 (D.N.J. Apr. 11, 2024).

If a defendant is not properly served, the entry of default or default judgment is improper. *See Sec. & Exchange Comm. v. Lahr*, 2024 WL 3518309, at *5 (3d Cir. July 24, 2024). It is the party "asserting the validity of service" that "bears the burden of proof on that issue." *Grand Ent. Grp., Ltd. v. Star Media Sales, Inc.*, 988 F.2d 476, 488 (3d Cir. 1993).

Assuming service is proper, when a defending party "has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). The Court may "set aside an entry of default for good cause." Fed. R. Civ. P. 55(c).

In deciding whether to vacate entry of default for good cause, the Court must consider the following factors: "'(1) whether lifting the default would prejudice the plaintiff; (2) whether the defendant has a *prima facie* meritorious defense; (3) whether the defaulting defendant's conduct is excusable or culpable; and (4) the effectiveness of alternative sanctions.'" *Pue v. N.J. Transit Corp.*, 2022 U.S. Dist. LEXIS 135983, at *6 (D.N.J. Aug. 1, 2022) (quoting *Mrs. Ressler's Food Prods. v. KZY Logistics LLC*, 675 Fed. Appx. 136, 139–40 (3d Cir. 2017)). The decision to vacate entry of default remains within the Court's discretion, and "[i]n exercising that discretion, there is a strong presumption in favor of resolving cases on the merits." *Handle v. Postmaster Gen., U.S. Postal Serv.*, 806 Fed. Appx. 95, 100 (3d Cir. 2020); *United States v. $55,518.05 in U.S. Currency*, 728 F.2d 192, 194–95 (3d Cir. 1984) (noting that the Third Circuit "does not favor entry of defaults or default judgments" and that "doubtful cases [must] be resolved in favor of the party moving to set aside the default judgment 'so that cases may be decided on their merits'" (citation omitted)); *Paris v. Pennsauken Sch. Dist.*, 2013 U.S. Dist. LEXIS 112280, at *10 (D.N.J. Aug. 9, 2013) ("[A] clerk's entry of [d]efault is not favored and all doubt should be resolved in favor of setting aside default and reaching a decision on the merits." (quotation marks and citations omitted)).

## III.    <u>ANALYSIS</u>

Defendants move to set aside the entry of default on two grounds. First, Mazur was not properly served with the SAC, and therefore, default should never have been entered. Second, even if service was proper, good cause exists to vacate the entry of default. The arguments are taken in turn.

### A.    Service

Defendants contend that Plaintiff's attempted service on Mazur was improper, pursuant to Federal Rule of Civil Procedure 4, because Mazur was entitled to be personally served or have the summons and complaint left at his "dwelling or usual place of abode with someone of suitable age and discretion." Fed. R. Civ. P. 4(e)(1)-(2). Defendants argue neither method of service occurred; rather, they contend, Plaintiff's process server merely left a copy of the summons and SAC with Mazur's mother at the Montvale home.

As part of his motion papers, Mazur has submitted a declaration stating, in part, that he did not reside at the Montvale home "at any point relevant to this litigation," including when Plaintiff's process server attempted service in June 2024; that from April 2024 through September 2024, his residence was "mobile as [he] hiked the Appalachian Trail"; and that "at no point was he served with any documents relating to the instant litigation." (Declaration of Joseph N. Mazur, ¶¶ 3-9, ECF No. 277-5). In addition, Donna Mazur submitted a sworn declaration stating, in part, that, Mazur, her son, did not reside at the Montvale home on June 26, 2024; that Mazur had not resided at the Montvale home since January 2018; that she did not represent to Plaintiff's process server that Mazur resided at her home; and that she did not accept service of the summons and complaint. (Declaration of Donna Mazur, ¶¶ 3-4, 7, 9, ECF No. 277-6).

Plaintiff responds in detail about the history of her attempts to locate Mazur and how skip-tracing efforts led her to conclude that Mazur resided at the Montvale home. (*See, e.g.*, ECF No. 258-3 at 3-5; ECF No. 280 at 1-2). In addition, Plaintiff alleges that Donna Mazur told the process server that Mazur resided at the Montvale home and that it was his usual place of abode. (ECF No. 280 at 1). Plaintiff further alleges that her process server "had seen someone like Mazur through the glass who would not open the door." (*Id.*) In all events, Plaintiff contends: (1) even if the Montvale home was not Mazur's usual place of abode, service should nevertheless be deemed effective because Mazur admitted that he did not have a "permanent place of abode during the six (6) months when service was executed," and (2) service through Mazur's mother was reasonably calculated to provide adequate notice under the circumstances. (*See* ECF No. 280 at 7).

Based on the parties' respective submissions, the Cout has serious doubt that Plaintiff has carried her burden of establishing that service on Mazur via his mother at the Montvale home was proper and effective service for purposes of Rule 4. Nevertheless, the Court need not conclusively resolve the parties' dispute regarding whether service was proper when there is otherwise "good cause" to vacate default. *See, e.g.*, *U.S. Info. Grp. LLC v. Data Blade, LLC*, 2025 WL 3640959, at *3-4 (D.N.J. Dec. 16, 2025) (declining to substantively address disputed service of process in motion to vacate default and instead considering Rule 55(c) factors). Here, even assuming, *arguendo,* that Plaintiff's service of the summons and SAC on Mazur was proper, the Court finds there is good cause to vacate the Clerk's entry of default against Mazur pursuant to Rule 55(c).

## B.      Good Cause

### 1.      Prejudice to Plaintiff

The first Rule 55(c) factor is whether lifting default would prejudice the plaintiff. *See, e.g.*, *Pue*, 2022 U.S. Dist. LEXIS 135983, at *6. "[P]rejudice will be found only where there has been a 'loss of available evidence, increased potential for fraud or collusion, or substantial reliance upon the judgment.'" *Itche Corp. v. G.E.S. Bakery, Inc.*, Civ. No. 08-3103, 2008 U.S. Dist. LEXIS 73023, at *3-4 (D.N.J. Sep. 23, 2008) (quoting *Feliciano v. Reliant Tooling Co.*, 691 F.2d 653, 657 (3d Cir. 1982)). Here, there has been no loss of evidence, and Plaintiff has not articulated any basis to find that her ability to pursue her claim would be diminished if the default is vacated. Fact discovery remains open, and Mazur is prepared to file an answer and defend the case. (*See* ECF No. 277-7). The "fact that a plaintiff will have to litigate an action on the merits rather than proceed

by default does not constitute prejudice." *Choice Hotels Int'l Inc. v. Pennave Assocs., Inc.*, 192 F.R.D. 171, 174 (E.D. Pa. 2000). Moreover, the Court acknowledges that Plaintiff's position is—and has been—that Mazur, other Defendants, and Defendants' counsel have engaged in collusion or fraud. (*See* ECF No. 280 at 8-10). However, these are unproven allegations that are strongly contested by Defendants and their counsel and likewise are insufficient to establish prejudice. Finally, the Court notes that vacating default and permitting Mazur to respond to the SAC is in furtherance of the Third Circuit's "strong preference" that cases be adjudicated on the merits. *See, e.g., $55,518.05 in U.S. Currency*, 728 F.2d at 194-95 ("[T]his court does not favor entry of defaults or default judgments. We require doubtful cases to be resolved in favor of the party moving to set aside the default judgment so that cases may be decided on their merits."); *Medunic v. Lederer*, 533 F.2d 891, 893-94 (3d Cir.1976) (district court abused its discretion in denying motion to vacate default on ground that defendant failed to plead in timely fashion). Accordingly, the Court finds that this factor weighs in favor of vacating entry of default.

### 2.    *Prima Facie* Meritorious Defense

The second factor requires the Court to consider whether Mazur has a *prima facie* meritorious defense to Plaintiff's claims. "The showing of a meritorious defense is accomplished when allegations of defendant's answer, if established at trial, would constitute a complete defense to the action." *$55,518.05 in U.S. Currency*, 728 F.2d at 195 (citations omitted). "A meritorious defense can be a defense of any variety—whether a dispute of material fact[;] an affirmative defense; the contention of failure to state a claim; or lack of subject matter jurisdiction." *Mawalla*, 2025 WL 1260900, at *3 (internal quotation omitted). Only a "minimal showing" is required. *U.S. Info. Grp.*, 2025 WL 3640959, at *5. Accordingly, "[w]hen evaluating whether a defense is meritorious, the Court need not decide the validity of [the defendant's] arguments . . . [rather,] [f]or a motion to vacate an entry of default, it is sufficient that the proffered defense is not facially unmeritorious." *Mawalla*, 2025 WL 1260900, at *3 (internal quotes omitted).

Plaintiff asserts negligence and related claims against Mazur. In his moving papers, Mazur contends that, in his proposed answer, he has set forth defenses to all of Plaintiff's claims, including that "all care and treatment was consistent with the standard of care and that . . . plaintiff's assertions that [] Mazur failed to administer necessary medications or diagnostic tests lacks foundation and disregards the complexities of medical decision-making." (ECF No. 277-3 at 8). Further, Mazur contends that he will have the matter reviewed by expert witnesses and present evidence "to show that the care provided was in line with the accepted standard of care and that plaintiff's allegations . . . are either unfounded or unrelated to his actions." (*Id.* at 9). In total, Mazur's proposed answer includes seventeen (17) separate affirmative defenses, including that he was not negligent and that the SAC fails to state a claim. (*See* ECF No. 277-7). Contrary to Plaintiff's assertions, Mazur does not, for purposes of seeking to vacate default, need to disprove Plaintiff's factual allegations in the SAC or refute the extensive medical history and records that Plaintiff relies on to support her claims. (*See* ECF No. 258-3 at 6-11; ECF No. 280 at 2-3). Rather, contesting Plaintiff's allegations and supplying a proposed pleading containing facially plausible affirmative defenses meets Mazur's minimal burden of showing a plausibly meritorious defense. *See, e.g., U.S. Info. Grp.*, 2025 WL 3640959, at *5; *Thurston Law Offices LLC v. Rue*, 2025 WL 2603452, at *2 (D.N.J. Sept. 9, 2025). Accordingly, the Court finds that Mazur has, for purposes of this motion, established a *prima facie* meritorious defense. As a result, the Court finds that this factor weighs in favor of vacating entry of default.

### 3.     Culpable Conduct

To constitute culpable conduct, Mazur's conduct must be deemed "willful or bad faith conduct or deliberate trial strategy." *Dambach v. United States*, 211 Fed. Appx. 105, 109–10 (3d Cir. 2006). "A showing of mere negligence is insufficient to establish culpable conduct." *Quezada v. New Jersey Dep't of Children & Families*, 2022 U.S. Dist. LEXIS 81632, at *8 (D.N.J. May 5, 2022) (citing *Mrs. Ressler's Food Prods.*, 675 Fed. Appx. at 142).

Here, the parties strenuously dispute whether Mazur was properly served. However, at a minimum, it appears undisputed that Mazur was not personally served; that Mazur was frequently traveling during and around the time the SAC was filed; and that service was allegedly made by Plaintiff's process server on Mazur's mother at the Montvale home. In the absence of a clear showing of personal service, the Court cannot find any culpable or bad faith conduct connected to Mazur's delay in appearing in these proceedings. Indeed, Mazur apparently claims that he did not learn of the SAC until after Plaintiff's motion for default judgment was filed, at which time he promptly sought counsel and filed his cross-motion to vacate default. (*See* Altschul Decl., ¶¶ 16-17). To the extent Mazur should have been more diligent, which has not been shown, any delay attributable to his conduct has not been proven to be willful or in bad faith. Accordingly, the Court finds that this factor also weighs in favor of vacating entry of default.

Finally, the Court notes that the parties do not meaningfully brief the fourth Rule 55(c) factor, which is the effectiveness of alternative sanctions. Plaintiff concedes that, given her *pro se* status, "alternative sanctions are facially not for application." (ECF No. 258-3 at 18). For his part, Mazur does not address the issue. However, "[b]ecause the first three factors warrant setting aside the entry of default, this Court need not consider the imposition of alternative sanctions." *Quezada*, 2022 U.S. Dist. LEXIS 81632, at *9 n.6.

## IV.     <u>CONCLUSION</u>

For the reasons set forth above, and for good cause shown, Mazur's cross-motion to vacate default, (ECF No. 277), is **GRANTED**, and Plaintiff's motion for the entry of default judgment, (ECF No. 258), is **DISMISSED AS MOOT**.[5] In light of the foregoing, Plaintiff's motion to expedite, (ECF No. 332), is **DENIED AS MOOT**.

The Clerk of the Court is directed to vacate the entry of default against Mazur and terminate the motions appearing at ECF Nos. 258 and 332. Mazur shall file his answer to the SAC, consistent with the proposed pleading appearing at ECF No. 277-7, on or before **February 20, 2026**.

**SO ORDERED**.

s/Jessica S. Allen

**Hon. Jessica S. Allen**

**United States Magistrate Judge**

cc:     Hon. Michael E. Farbiarz, U.S.D.J.

---

[5] *See Landron*, 2024 WL 1585119, at *3 (granting motion to vacate default and finding that motion for default judgment was "deemed moot.").