**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

---

ANNA KAPELLAN,

      **Plaintiff,**

v.

**JERSEY CITY MEDICAL CENTER, INC.,** *et al.***,**

      **Defendants.**

---

**Civil Action No. 23-597 (MEF) (JSA)**

**OPINION**

**JESSICA S. ALLEN, U.S.M.J.**

This matter is before the Court on the motion of Plaintiff *pro* se, Anna Kapellan ("Plaintiff"), to disqualify Defendants'[1] counsel, Dughi, Hewitt & Domalewski, PC (at times, "Defendants' Counsel" or "the Firm"). (ECF Nos. 297, 302). Defendants oppose the motion. (ECF No. 304). No oral argument was heard. *See* Fed. R. Civ. P. 78(b). For the reasons set forth below, and for good cause shown, Plaintiff's motion to disqualify is **DENIED**.[2]

**I. BACKGROUND[3]**

On February 2, 2023, Plaintiff commenced this action against Defendants JCMC and RWJ

---

[1] Defendants are Jersey City Medical Center, Inc. ("JCMC"); RWJ Barnabas Health, Inc. ("RWJ Barnabas"); Maria Christina Bernardo, APN; Jessica Arauz, APN; Joseph N. Mazur, RN; and Bebe Bhikam, PCT (at times, collectively, "Defendants").

[2] Plaintiff has also filed two motions to expedite consideration of her motion to disqualify. (*See* ECF Nos. 348, 351). Neither the Federal Rules of Civil Procedure nor this Court's Local Civil Rules authorize the filing of motions to expedite consideration of previously filed, non-emergent motions. Nevertheless, since this Opinion addresses Plaintiff's motion to disqualify the Firm on the merits, Plaintiff's subsequently filed motions to expedite, (ECF Nos. 348, 351), are **DENIED AS MOOT**.

[3] The Court has issued several decisions that set forth Plaintiff's allegations, the claims, and the procedural history of this case. (*See, e.g.*, ECF Nos. 71, 86, 228 & 339). As such, the Court recites only the limited facts and background relevant to deciding the present motion.

Barnabas, arising out of care she received at JCMC on several occasions in February 2021. (ECF No. 1). On April 18, 2023, Plaintiff filed, as of right, an amended complaint. (ECF No. 3). On December 1, 2023, Plaintiff filed a second amended complaint on consent adding Bernardo, Arauz, Mazur, and Bhikam as individual Defendants. (*See* Second Amended Complaint ("SAC"), ECF No. 23-2). The SAC alleges, *inter alia*, medical malpractice and violations of the Emergency Medical Treatment & Labor Act ("EMTALA"), 42 U.S.C. § 1395dd, *et seq.*[4]

## II.   CURRENT MOTION

From the inception of the case, Defendants have been represented by Sam Rosenberg, Esq., who is currently associated with the Firm.[5] On October 23, 2025, more than two years after her Complaint was filed, Plaintiff filed the present motion to disqualify the Firm. Notably, Plaintiff does not cite to a single Rule of Professional Conduct ("RPC") that the Firm has violated in support of her request for disqualification. Rather, Plaintiff seeks to disqualify the Firm on two grounds: (1) alleged fraud committed by Defendants' Counsel during this case, and (2) alleged conflicts of interest between and among Defendants and Defendants' Counsel. (*See generally* ECF No. 297-3).[6]

---

[4] On January 22, 2026, the Undersigned entered an Order granting Plaintiff's request to file a third amended complaint to substitute Bibi Mangar in place of Defendant Bebe Bhikam. (*See* ECF No. 327). To date, Plaintiff has not filed the third amended complaint necessary to effectuate this change in Defendants.

[5] Mr. Rosenberg first entered an appearance on April 23, 2024, while-then a partner in the firm of Rosenberg Jacobs Heller & Fleming PC ("Rosenberg Jacobs"). (*See* ECF No. 7). On June 26, 2025, Mr. Rosenberg changed his association from Rosenberg Jacobs to the Firm. (*See* ECF No. 236). At present, Mr. Rosenberg and other attorneys at the Firm are counsel of record for all named Defendants. (*See* ECF Nos. 33, 49, 82, 342).

[6] Plaintiff's "reply" brief on the present motion, (ECF No. 302), was filed *prior* to Defendants' opposition, (ECF No. 304), and thus, is not a proper reply brief. *See, e.g.*, *Dana Transport, Inc. v. Ableco Fin., LLC*, 2005 WL 2000152, at *6 (D.N.J. Aug. 17, 2005) ("The purpose of the reply brief is to respond to the opposition brief or explain a position that the respondent has refuted.") (citation omitted). In any event, based on this Court's review of the substance of Plaintiff's reply, it clearly was not in further support of her motion to disqualify Defendants' Counsel, but rather, contained an application for the Undersigned's recusal, pursuant to 28 U.S.C. § 455(a). (*See* ECF No. 302). Accordingly, this Court previously construed Plaintiff's reply brief as a standalone motion seeking recusal and denied the motion by Order dated March 12, 2026. (*See* ECF No. 349). Plaintiff has since filed an interlocutory appeal of that decision with the United States Court of Appeals for the Third Circuit. (*See* ECF No. 372).

In opposition, Defendants argue that there is no basis to disqualify the Firm. As it relates to Plaintiff's allegations of fraud, Defendants argue that Plaintiff's accusations stem from her own interpretation of the underlying facts and procedural history of the case, which she deems uncontroverted and rejects Defendants' factual narrative and legal positions. Thus, Defendants contend that Plaintiff has improperly mischaracterized all of their arguments advanced in this case as "fraud." (ECF No. 304 at 1). According to Defendants, they have committed no fraud. Rather, there are only disagreements between Plaintiff and the Firm, asserted on behalf of Defendants, about the facts and law—which is routine and proper in any contested litigation. (*Id.* at 4-5). As it relates to alleged conflicts of interest, Defendants contend that (1) Plaintiff lacks standing to argue about perceived conflicts between and among Defendants and Defendants' Counsel, (2) even assuming Plaintiff has standing, there are, in fact, no conflicts between Defendants and Defendants' Counsel, and (3) even if there were conflicts, Plaintiff has waived the right to seek disqualification because she has delayed filing her motion for more than a year. (*Id.* at 8-11).

## III.    LEGAL STANDARD

Local Civil Rule 103.1(a) establishes that the American Bar Association's Rules of Professional Conduct, as revised by the Supreme Court of New Jersey, govern the conduct of the members of the bar admitted to this Court. *See United States v. Balter*, 91 F.3d 427, 435 (3d Cir. 1996), *cert. denied* 519 U.S. 1011 (1996); *see also Wyeth v. Abbott Labs.*, 692 F. Supp. 2d 453, 456 (D.N.J. 2010). "Resolution of a motion to disqualify requires the court to balance the need to maintain the highest standards of the legal profession against a client's right to freely choose [] counsel." *Steel v. General Motors Corp.*, 912 F. Supp. 724, 733 (D.N.J. 1995).

Disqualification motions are disfavored. *See Rohm & Haas Co. v. Am. Cyanamid Co.*, 187 F. Supp. 2d 221, 226 (D.N.J. 2001). The party seeking disqualification must carry a heavy burden

3

of proof before a lawyer will be disqualified.  *See Kaselaan & D'Angelo Assoc., Inc. v. D'Angelo,* 144 F.R.D. 235, 238 (D.N.J. 1992).  Disqualification is considered "a drastic measure which courts should hesitate to impose except when absolutely necessary." *Alexander v. Primerica Holdings, Inc.*, 822 F. Supp. 1099, 1114 (D.N.J. 1993).   While violation of a RPC may result in disqualification, it is "never automatic."  *United States v. Miller*, 624 F.2d 1198, 1201 (3d Cir.1980).  "Even when an ethical conflict exists (or is assumed to exist), a court may conclude based on the facts before it that disqualification is not an appropriate remedy." *In re Boy Scouts of America*, 35 F.4th 149, 160 (3d Cir. 2022).  As such, before a court disqualifies counsel, it should consider "countervailing policies, such as permitting a litigant to retain counsel of his choice and enabling lawyers to practice without excessive restrictions." *Miller*, 624 F.2d at 1201. As the Third Circuit has noted,"[s]ometimes disqualification is more disruptive than helpful even though an attorney may not have satisfied his or her professional obligations.  And, indeed, courts in our Circuit often deny disqualification even when finding or assuming conflicts under the professional conduct rules." *In re Boy Scouts*, 35 F.4th at 160 (citing cases).

## IV.    ANALYSIS

A party seeking to disqualify counsel must show that it is justified and necessary.  *Miller*, 624 F.2d at 1201.  Plaintiff seeks disqualification on two grounds: (1) fraudulent conduct, and (2) alleged conflicts.  Plaintiff fails to meet her heavy burden of proof on both counts.

### A.  *Fraud*

Plaintiff's allegations of fraud are premised on what she perceives to be tainted proceedings resulting from Defendants' Counsel's litigation positions and this Court's rulings related to a panoply of topics, including, but not limited to, the Court's decisions vacating defaults previously entered against certain individual Defendants. (*See* ECF No. 297-3 at 1-17).  Plaintiff contends

4

that Defendants' Counsel have transformed this proceeding into a sham litigation infested with fraud and that their fraudulent conduct has been so severe that it "meets Rule 60(b)(3)'s standard, applied by analogy." (*Id.* at 1). The Court disagrees.

Plaintiff's allegations of fraud involve disputed litigation positions between Plaintiff and Defendants' Counsel stemming from Plaintiff's interpretation of competing factual narratives and evidence. However, Plaintiff cannot re-label legal arguments and adverse Court decisions as fraudulent and thus a proper basis to seek disqualification. *See, e.g.*, *Wei v. Pennsylvania*, 2021 WL 4544139, at *2 (3d Cir. Oct. 2, 2021) (rejecting as fraud, "[Plaintiff] disputes the defendants' account of the evidence and argues that his interpretation of certain evidence should be credited over the defendants' testimony and interpretation of other evidence . . .").

Further, Plaintiff's reference to Rule 60(b)(3) is not relevant to a disqualification analysis. Rule 60(b)(3) governs a party's request for relief from a "final judgment, order, or proceeding" on account of fraud. *Id.*; *see Floorgraphics Inc. v. News America Marketing In-Store Services, Inc.*, 434 Fed. Appx. 109, 111 (3d Cir. 2011). Nevertheless, Plaintiff appears to suggest that the depth of "fraud" that has allegedly occurred here would satisfy Rule 60(b)(3), if it applied "by analogy." (*See* ECF No. 297-3 at 28). Plaintiff does not cite any case law from this District applying Rule 60(b)(3), directly or by analogy, as a basis for disqualification of opposing counsel. Rather, the limited relevant case law does not favor her argument. *See Gillespie v. Newark Bd. of Educ.*, 2025 WL 183755, at *2 (D.N.J. July 3, 2025) (rejecting Rule 60(b)(3) as basis for appeal of magistrate judge decision denying motion to disqualify based on allegations of fraud).

Finally, allegations of misrepresentation or fraud are typically raised by reference to specific Rules of Professional Conduct. *See Gillespie v. Newark Bd. of Educ.*, 2024 WL 2354502, at *5 (D.N.J. May 23, 2024) ("Plaintiff also argues Defense Counsel violated the Rules of

5

Professional Conduct by engaging in fraudulent and frivolous conduct in this action," relying on "RPC 3.1, which prohibits counsel from bringing or defending a proceeding, or asserting or controverting an issue therein unless the lawyer knows or reasonably believes that there is a basis in law and fact for doing so that is not frivolous, and RPC 3.3, which requires candor towards tribunals"), *reconsideration denied*, 2024 WL 4867025 (D.N.J. Nov. 11, 2024), *aff'd*, 2025 WL 183755 (D.N.J. July 3, 2025).  Here, Plaintiff does not cite any RPC, let alone establish that one has been violated.  Putting that aside, as the *Gillespie* court noted, even if there were violations of potentially applicable RPCs based on litigation conduct (such as RPC 3.1 or 3.3), violations of this nature are not a basis to disqualify counsel.  *See Gillespie*, 2024 WL 2354502, at *5 ("Plaintiff has failed to identify any instance where an attorney has been disqualified based on any such violation.").

In sum, Plaintiff has failed to establish any foundation to disqualify opposing counsel based on allegations of fraud in the litigation whether through Rule 60(b)(3) or otherwise.

B.    ***Conflicts***

Plaintiff alleges that Defendants' Counsel cannot represent all Defendants because their interests may be adverse, resulting in a conflict.  (ECF No. 297-3 at 24-27).  While she does not reference a specific RPC, it appears[7] Plaintiff is relying on RPC 1.7(a), which provides in relevant part:

> (a) Except as provided in paragraph (b), a lawyer shall not represent a client if the representation involves a concurrent conflict of interest. A concurrent conflict of interest exists if:
> (1) the representation of one client will be directly adverse to another

---

[7] Plaintiff bears the burden on this motion for disqualification of opposing counsel.  Failing to cite an RPC that applies or that she contends has been violated, could, standing alone, amount to a failure to meet her burden.   Moreover, while Plaintiff is proceeding *pro se*, she is a licensed attorney, and thus, is not entitled to the deference generally afforded to *pro se* litigants. *See, e.g.*, *Spence v. U.S. Dep't of Veteran Affairs*, 109 F.4th 531, 538 & n.1 (D.C. Cir. 2024) (so holding, and citing to six separate courts of appeals in agreement).  Nevertheless, the Court proceeds as though Plaintiff has identified RPC 1.7 and considers her argument on the merits.

> client; or
> (2) there is a significant risk that the representation of one or more clients will be materially limited by the lawyer's responsibilities to another client, a former client, or a third person or by a personal interest of the lawyer.

*Id.*

According to Plaintiff, the Firm must be disqualified because Defendants' interests conflict in that they would inevitably dispute between them any fault relating to Plaintiff's claims. (*See* ECF No. 297-3 at 18-25). In opposition, Defendants primarily contend that no such conflicts exist. They also challenge Plaintiff's standing to raise such alleged conflicts and further claim that she has delayed asserting this purported conflict, and thus, has waived the right to do so.

The Court first considers the procedural questions of standing and waiver. As it relates to standing, "district courts in this Circuit are split on the issue" regarding whether "a non-client has standing to seek disqualification of opposing counsel" pursuant to RPC 1.7. *Est. of Beczo by and through Beczo v. Port Lumber Corp.*, 2024 WL 1743061, at *3 (D.N.J. Apr. 23, 2024) (setting forth competing views). As it relates to waiver, "a valid basis for the denial of a motion to disqualify is waiver," which has been found when a litigant unduly delays in moving to disqualify. *See, e.g.*, *Rohm & Haas Co. v. Am Cyanamid*, 187 F. Supp. 2d 221, 231 (D.N.J. 2001) (discussing waiver of ability to seek disqualification).

Plaintiff has not addressed either of these arguments. Moreover, even assuming Plaintiff has standing, the Court is troubled by Plaintiff's failure to pursue a formal motion to disqualify for more than a year after she raised alleged conflicts with opposing counsel. (*See* ECF No. 304 at 11). A delay of more than a year has been found to constitute a waiver of the right to seek disqualification. *See, e.g.*, *Lyon v. Goldstein*, 2006 WL 2846251, at *7 (D.N.J. Oct. 2, 2006) (delay of thirteen months waived right to move to disqualify). As a result, the Court would be within its right to deny Plaintiff's motion on either procedural ground. *See, e.g.*, *High 5 Games, LLC v.*

*Marks*, 2018 WL 2278103, at \*4-5 (D.N.J. May 18, 2018) (denying motion to disqualify due to standing and delay, as well as alternatively on the merits).

Even assuming Plaintiff has standing, and she timely filed the motion to disqualify, the Court finds that Plaintiff has failed to show the Firm's concurrent representation of Defendants presents a conflict. Therefore, Plaintiff's motion is denied.

RPC 1.7 arises out of the fundamental proposition that attorneys owe a duty of undivided loyalty to their clients. *See High Five Games*, 2018 WL 2278103, at \*3 (citing *Manoir–Electroalloys Corp. v. Amalloy Corp.*, 711 F. Supp. 188, 192 (D.N.J. 1989)). Such loyalty is "diluted by attempting to represent clients with adverse interests." *Id.* For there to be a violation of RPC 1.7, "an actual conflict must exist." *Robinson v. Paulhus*, 2021 U.S. Dist. LEXIS 153006, at \*6 (D.N.J. Aug. 12, 2021). "[M]ere speculation or bare allegations are not enough." *Tare v. Bank of Am.*, 2009 WL 90326, at \*3 (D.N.J. Jan. 13, 2009).

As with her claims of fraud, Plaintiff's allegation of conflicts between and among Defendants and Defendants' Counsel is based on her interpretation of the evidence, the facts, and Defendants' affirmative defenses, rejecting wholesale Defendants' contrary narrative and legal positions. However, Plaintiff's underlying allegations and legal claims are hotly contested. Finding a conflict would essentially require this Court to adjudicate the case on the merits in Plaintiff's favor in the context of this motion. Plaintiff's request for such an undertaking is improper.

At this stage of the case and based on the facts presented, Plaintiff has not met her burden of showing a conflict exists under RPC 1.7. Specifically, Defendants have all filed answers denying any negligence occurred. (*See* ECF Nos. 33, 82, 342). Moreover, no Defendants have asserted any crossclaims between or against each other. (*Id.*) To that end, Defendants contend

8

that their interests are aligned and "disagree that there is any conflict of interest." (ECF No. 304 at 10). And Defendants' Counsel assert that "[o]ur interpretation permits us to conclude that a joint defense is both possible and recommended as our ability to represent the parties would not be limited." (*Id.*) Plaintiff disagrees; but the reality is, Plaintiff does not represent Defendants. And Plaintiff's opinion about what claims Defendants may have against each other and how they will be forced to defend the case is mere speculation and insufficient to establish a conflict. *See, e.g.*, *Infosphere Consulting, Inc. v. Habibi Life, LLC*, 2020 WL 4559138, at *3 (D.N.J. Aug. 7, 2020) (noting that potential future conflict was "speculative and not relevant"). As a result, the Court finds that Plaintiff has failed to carry her heavy burden of establishing that any conflicts exist and that disqualification of the Firm is warranted.[8]

## V.    CONCLUSION

For the reasons set forth above, Plaintiff's motion to disqualify the Firm, (ECF No. 297), is **DENIED**, and her motions to expedite consideration of the motion to disqualify, (ECF Nos. 348, 351), are **DENIED AS MOOT**.

An appropriate order will be entered.

**SO ORDERED**.

s/Jessica S. Allen
**Hon. Jessica S. Allen**
**United States Magistrate Judge**

cc:  Hon. Michael E. Farbiarz, U.S.D.J.

---

[8] Although not addressed by the parties in their respective submissions, if an RPC has been violated, *i.e.* - here Plaintiff argues a conflict exists - the Third Circuit has instructed courts to consider whether disqualification is warranted by reviewing certain factors. *See In re Boy Scouts*, 35 F.4th at 160. Neither side has addressed these factors, which is of no moment since the Court has concluded that no conflict has been shown. As such, the Court need not address these factors.